# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:17-mc-00007-CMA-KLM**

**DCD PARTNERS, LLC, a California limited liability company; PERSONAL INVOLVEMENT CENTER, LLC, a Nevada limited liability company; and REVEREND DR. J. BENJAMIN HARDWICK, as trustee of the PERSONAL INVOLVEMENT CENTER TRUST NO. 1**,

        **Petitioners,**

v.

**FRED ALBRACHT,**

        **Respondent.**

---

## PETITIONERS' RENEWED MOTION FOR FEES AND COSTS

---

**BREWER, ATTORNEYS & COUNSELORS**
William A. Brewer III
wab@brewerattorneys.com
Maxwell D. Herman
mwh@brewerattorneys.com

750 Lexington Avenue, 14th Floor
New York, New York 10022

Telephone: (212) 224-1400
Facsimile: (212) 751-2849

*Attorneys for Petitioners DCD Partners, LLC; Personal Involvement Center, LLC; and Reverend J. Benjamin Hardwick, as trustee of the Personal Involvement Center Trust No. 1*

Pursuant to Federal Rule of Civil Procedure 37(d)(3), Petitioners DCD Partners, LLC, Personal Involvement Center, LLC and Reverend Dr. J. Benjamin Hardwick, as trustee of the Personal Involvement Center Trust No. 1 ("Petitioners") submit this Renewed Motion for Fees and Expenses (the "Renewed Motion"), and accompanying declarations of attorneys Brad S. Ehrlichman, Maxwell D. Herman and Nilima M. Singh (collectively, the "Attorney Declarations"),[1] in compliance with the Court's orders of June 1, 2017[2] and January 17, 2018,[3] and Colorado Local Rule ("L.R.") 54.3.

## I.  BACKGROUND

Petitioners seek recovery of fees and costs incurred in connection with Respondent Fred Albracht's ("Respondent" or "Mr. Albracht") failure to comply with a deposition subpoena pursuant to Fed. R. Civ. P. 37.  Respondent, who resides within this jurisdiction, is a percipient witness to matters in dispute in the lawsuit *DCD Partners, et al v. Transamerica Life Ins. Co.*, 2:15-cv-03238-CAS-AJW (C.D. Cal. Mar. 18, 2015).   As such, Petitioners lawfully served Respondent with a subpoena to testify at a deposition in a civil action on November 18, 2016 (the "Subpoena").   Unfortunately, Respondent refused to comply with the Subpoena for six months, claiming that he was unable to do so.  Respondent has never presented any evidence to Petitioners or the Court to substantiate his purported inability to sit for his deposition.

Mr. Albracht's refusal to comply with the Subpoena forced Petitioners to file the Motion to Compel Compliance with Deposition Subpoena (the "Motion to Compel") on January 23, 2017, thereby initiating this action.[4]    After reviewing the Motion to Compel, the Court ordered

---

[1] 28 U.S.C § 1746 authorizes parties in litigation to provide unsworn declarations under penalty of perjury for any matter required to be supported by affidavit.
[2] Dkt. No. 19.
[3] Dkt. No. 28.
[4] Dkt. No. 1.

Mr. Albracht to "present appropriate evidence" of his purported mental or physical unfitness to be deposed during an evidentiary hearing on June 1, 2017.[5] On May 31, 2017, less than twenty-four hours prior to the scheduled hearing, Respondent informed Petitioners that he would be mentally and physically able to be deposed on June 26, 2017.[6]

Because of the implausibility of Respondent's immediate change of physical and mental health status, the Court invited Petitioners to file an application for recovery of fees and expenses pursuant to Rule 37(d)(3).[7] As such, on June 15, 2017, Petitioners filed their Motion for Fees and Costs seeking compensation for moneys spent compelling Mr. Albracht's compliance with the Subpoena over his unsubstantiated refusal to appear.[8] The Court has since requested that Petitioners provide greater specificity in the time entry descriptions Petitioners submitted in support of their Motion for Fees and Costs.[9]   Petitioners hereby resubmit their Motion for Fees and Costs to comply with the Court's instructions and the Local Rules.

## I. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), the starting point for any calculation of a reasonable attorney's fee is the "lodestar," or, the number of hours reasonably expended multiplied by a reasonable hourly rate.[10] Here, and as established below and in the Attorney Declarations, the numbers of hours, the hourly rates and the claimed costs amount to reasonable fees and costs to which Petitioners are entitled.

---

[5] Dkt. No. 15.
[6] Dkt. No. 16.
[7] Dkt. No. 19.
[8] Dkt. No. 20.
[9] Dkt. No. 20, at 1.
[10] *Crew Tile Distribution, Inc. v. Porcelanosa Los Angeles, Inc.*, No. 13-cv-3206, 2015 WL 5608122, at *1 (D. Colo. Sept. 24, 2015) (citing *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996)).

## II. THE REQUESTED AWARD

Petitioners request $28,595.00 in attorneys' fees and costs. The requested award is calculated as follows: (1) 10.5 hours of work by Mr. Ehrlichman at an hourly rate of $475.00;[11] (2) 16.9 hours of work by Mr. Herman at an hourly rate of $425.00;[12] and (3) 43.8 hours of work by Ms. Singh at an hourly rate of $375.00.[13]

### A.  Petitioners Complied with Colorado Local Rule 54.3.

Pursuant to L.R. 54.3, a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience."  Here, the Renewed Motion and Attorney Declarations include "an itemized list of fees incurred, the hourly rates charged by counsel . . . and details of their experiences."[14]  In addition, each declaration contains a chart identifying the relevant tasks performed by each attorney – as reflected in the unredacted portions of Brewer's invoices[15] – setting forth the specific amount of time spent on each task.[16]

### B.  The Number of Hours Expended is Reasonable

A party that seeks an award of attorneys' fees must demonstrate that the amount sought is reasonable.[17]  In determining reasonableness, courts consider "whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the response necessitated by an opponent's maneuvering."[18]

---

[11] *See* Declaration of Brad S. Ehrlichman, Table A.
[12] *See* Declaration of Maxwell D. Herman, Table A
[13] *See* Declaration of Nilima M. Singh, Table A
[14] *See Onesource Commercial Prop. Serv., Inc. v. City & Cty. Of Denver*, No. 10-CV-02273-WJM-KLM, 2011 WL 3583398, at *1 (D. Colo. Aug. 12, 2011).
[15] Attached to the Declaration of Maxwell D. Herman as Exhibit A.
[16] *See e.g., Onesource Commercial Prop. Serv., Inc.*, No. 10-CV-02273-WJM-KLM, 2011 WL 3583398, at *1 (finding compliance with L.R. 54.3 where attorney affidavits contained itemized lists of tasks performed, hours spent on each task and hourly rates).
[17] *See Jane L. v. Bangerter*, 61 F. 3d 1505, 1510 (10th Cir. 1995).
[18] *DeVaul v. TK Mining Servs., LLC*, No. 13-cv-02632, 2014 WL 3861111, at *2 (D. Colo. Aug. 6, 2014).

The hours expended by Brad S. Ehrlichman, Maxwell D. Herman and Nilima M. Singh are reasonable.  Petitioners were forced to meet and confer with Respondent several times over a half a year, and draft the Motion to Compel,[19] a Motion to Transfer Venue[20] and a Motion for Fees and Costs,[21] solely because of Respondent's unexcused refusal to comply with the Subpoena.

In brief, and as more fully set forth in Petitioners' Motion to Compel Compliance with Subpoena,[22] Petitioners first subpoenaed Respondent for deposition in November 2016.  For six months, Respondent claimed he was not mentally or physically able to appear for deposition.[23]  It was only in June, days before the Court-ordered evidentiary hearing at which Respondent was ordered to substantiate his incapacity, that Mr. Albracht suddenly became available.  Respondent's inability to substantiate his lack of capacity, and the temporal proximity between his recovery and the evidentiary hearing, strongly indicate that Respondent refused to comply with the Subpoena without cause – to Petitioners' monetary and legal prejudice.  Petitioners could have avoided significant expense, and obtained highly relevant testimony prior to filing their Opposition to Summary Judgment in the underlying case, *DCD Partners, LLC, et al. v. Transamerica Life Insurance Company, et al.*, 2:15-cv-03238-CAS-AJW, filed June 16, 2017, had Respondent promptly complied with his obligations under Federal law.[24]

The underlying case is venued in the Ninth Circuit.  Thus, Petitioners were required to familiarize themselves with the Local Rules of Practice in this District, analyze the facts that

---

[19] Dkt. No. 1.

[20] Dkt. No. 13.

[21] Dkt. No. 20; Petitioners do not seek the costs associated with the instant, Renewed Motion for Fees and Costs.

[22] Dkt. No. 1, at 3-7.

[23] Dkt No. 23; Dkt No. 16.

[24] Dkt. No. 1.  Subsequent to Petitioners' first Motion for Fees and Costs, the jury in the underlying case in the Central District of California issued a unanimous verdict in favor of Petitioners' claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  *See DCD Partners, et al. v. Transamerica Life Insurance Company, et al.*, 2:15-cv-03238-CAS-AJW, Dkt No. 386.

necessitated the Motion to Compel and the Motion to Transfer, draft substantive motions and respond to Respondents' arguments, all in order to compel Respondent's compliance with the Subpoena.  Petitioners should not bear the cost of that unnecessary burden.  Petitioners' billed hours, submitted to the Court herein, appropriately reflect the tasks, and number of hours spent performing those tasks, necessitated by Respondent's conduct, and should be awarded in full.

### C.   The Proposed Hourly Rates Are Reasonable

The next step in calculating the lodestar is to determine the reasonable hourly rate. The district court has discretion in setting a reasonable hourly rate.[25]

To assess an hourly rate for reasonableness, courts look to prevailing market rates for work performed in analogous litigation with similar complexity, along with the attorneys' skill, reputation and performance.[26]  Colorado law permits higher hourly rates for work performed by qualified associates involved in complex litigation.[27]

The testimony sought, and the underlying litigation, concern a highly-complex, multi-million-dollar insurance contract dispute involving facts and legal proceedings spanning nearly two decades.  The complex nature of the litigation justifies the rates sought by Petitioners.  Prior decisions in this District indicate that hourly rates of $475.00 for Brad S. Ehrlichman, an eighth-year associate and former federal law clerk; $425.00 for Maxwell D. Herman, a third year associate and former federal law clerk; and $375.00 for Nilima M. Singh, a second-year associate and former

---

[25] *See Jane L.,* 61 F. 3d at 1510.

[26] *See Gudenkauf v. Stauffer Commc'ns., Inc.,* 158 F.3d 1074, 1082 (10th Cir. 1998); *Stockmar v. Colorado Sch. Of Traditional Chinese Med., Inc.,* No. 13-CV-02906-CMA-MJW, 2015 WL 4710840, at *2 (D. Colo. Aug. 7, 2015); *Colo. Cross-Disability Coal.,* No. 09–cv–02757–WYD–KMT, 2014 WL 793363, at *2–3 (D. Colo. Feb. 26, 2014).

[27] *See, e.g., Universal Drilling Co. v. Newpark Drilling Fluids, LLC,* No. 08–cv–02686–MSK–CBS, 2011 WL 715961, at *2 (D. Colo. Feb 22, 2011) (finding reasonable an associate attorney billing at $355 per hour in a commercial contract dispute *in 2011*); *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.,* 958 F.Supp.2d 1238, 1256–57 (D. Colo. 2013) (finding that $450 per hour is a reasonable hourly rate for lead counsel in a case requiring little specialized knowledge in commercial litigation).

state law clerk, are appropriate.[28]  Further, Brewer is a law firm with a national reputation for the handling of complex commercial cases, with a consistently successful track record that permits its attorneys to charge hourly rates commensurate with those of other prominent law firms on a nationwide basis.[29]

Thus, Petitioners propose $475.00 for Brad S. Ehrlichman, $425.00 for Maxwell D. Herman and $375.00 for Nilima M. Singh as reasonable and appropriate hourly rates for calculation of the lodestar.

### D.     The Resulting Award Of Fees

District courts consider whether the fee award that results from multiplying the number of hours by the hourly rate is reasonable.  In the context of a discovery dispute, courts consider the reasonableness of the fee award in light of "the history of the dispute, the level of success obtained and the significance of the issue to Petitioner's ability to litigate [its] case."[30]

Here, Petitioners communicated with Respondent for six months in order to obtain the deposition of a key witness.  After Respondent repeatedly failed to satisfy his obligation to appear, Petitioners filed the Motion to Compel[31] and the subsequent Motion to Transfer Venue.[32] Petitioners respectfully submit that the claimed fee award is reasonable in light of the Court's Order of June 1, 2018, the need to obtain Fred Albracht's deposition and Respondent's gamesmanship.

---

[28] *See Xtreme Coil Drilling Corp.*, 958 F. Supp. 2d at 1256-57 (approving hourly rate of $450 for "lead counsel in a case"); *Biax Corp. v. NVIDIA Corp.*, No. 09-CV-01257-PAB-MEH, 2013 WL 4051908, at *6 (D. Colo. Aug. 12, 2013) (finding rates ranging from roughly $430 - $530 to be reasonable for associates of varying seniorities).
[29] Declaration of Maxwell D. Herman, ¶ 3.
[30] *New Salida Ditch Co. v. United Fire & Cas. Ins. Co.*, No. 08-cv-003391, 2009 WL 2883402, at 2* (D. Colo. Sept. 3, 2009).
[31] Dkt. No. 1.
[32] Dkt. No. 13.

**E.      Conclusion**

For the foregoing reasons, Petitioners respectfully request that the Court award them $28,595.00 in attorneys' fees.

Dated:  January 30, 2018              By:  /s/ *Maxwell D. Herman*
                                              Maxwell D. Herman

                                        BREWER, ATTORNEYS & COUNSELORS
                                        William A. Brewer III
                                        wab@brewerattorneys.com
                                        Maxwell D. Herman
                                        mwh@brewerattorneys.com
                                        750 Lexington Avenue
                                        14th Floor
                                        New York, New York 10022
                                        Telephone: (212) 224-1400
                                        Facsimile: (212) 751-2849

                                        *Attorneys for Petitioners DCD Partners, LLC;*
                                        *Personal Involvement Center, LLC; and Reverend J.*
                                        *Benjamin Hardwick, as trustee of the Personal*
                                        *Involvement Center Trust No. 1*

## <u>AFFIDAVIT OF SERVICE</u>

I hereby certify that on January 30, 2018, a true and correct copy of the foregoing

Petitioners' Renewed Motion For Fees And Costs was filed and served electronically via CM/ECF.


By:   <u>/s/ *Maxwell D. Herman*</u>
         Maxwell D. Herman

BREWER, ATTORNEYS & COUNSELORS
William A. Brewer III
wab@brewerattorneys.com
Maxwell D. Herman
mwh@brewerattorneys.com
750 Lexington Avenue
14th Floor
New York, New York 10022
Telephone: (212) 224-1400
Facsimile: (212) 751-2849

*Attorneys for Petitioners DCD Partners, LLC;*
*Personal Involvement Center, LLC; and Reverend J.*
*Benjamin Hardwick, as trustee of the Personal*
*Involvement Center Trust No. 1*