IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-mc-00007-CMA-KLM

DCD PARTNERS, LLC,
PERSONAL INVOLVEMENT CENTER, LLC,
REVEREND DR. J. BENJAMIN HARDWICK, a trustee of the Personal Involvement
Center Trust No. 1,

    Petitioners,

v.

FRED ALBRACHT,

    Respondent.

---

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING ATTORNEYS'
FEES AND OVERRULING RESPONDENT'S OBJECTION**
_____

    This matter is before the Court on Respondent Fred Albracht's Objection (Doc. # 34) to an order by United States Magistrate Judge Kristen L. Mix, in which Magistrate Judge Mix awarded Petitioners $10,155.00 in attorneys' fees. (Doc. # 33.) For the reasons discussed below, the Court overrules Respondent's Objection and affirms Magistrate Judge Mix's Order Granting Attorneys' Fees. The Order is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### I.    BACKGROUND

    This matter arises out of litigation in the Central District of California, in which Petitioners DCD Partners, LLC, Personal Involvement Center, LLC, and Reverend Dr. J. Benjamin Hardwick, as a trustee of the Personal Involvement Center Trust No. 1,

(collectively, "Petitioners") subpoenaed nonparty Respondent for deposition on November 18, 2016; the deposition was scheduled for December 15, 2016. (Doc. # 1 at 2–3); *see DCD Partners, et al. v. Transamerica Life Ins. Co.*, 2:15-cv-03238-CAS-AJW (C.D. Cal. Mar. 18, 2015); (Doc. # 3 at 8–37, 41–47.) Counsel for Respondent contacted Petitioners on December 12, 2016, three days before the scheduled deposition, to request that it be rescheduled to January 2017 due to Respondent's poor health. (Doc. # 1 at 3; Doc. # 3 at 57.) Over the following several weeks, counsel for Petitioners and Respondent engaged in several rounds of jointly attempting to schedule a deposition of Respondent, Respondent's counsel cancelling the scheduled deposition, Respondent's counsel promising to have a date certain for a deposition within a few days, and Respondent's counsel failing to provide dates certain. (Doc. # 1 at 3–4; Doc. # 3 at 57–86.) On January 19, 2017, Petitioners informed Respondent's counsel that they intended to file a motion to compel compliance with the subpoena. (Doc. # 1 at 4; Doc. # 3 at 88.) Respondent's counsel replied that such a motion would be "futile," as Respondent was "not well enough to be deposed;" counsel promised "documentation from his oncologist confirming this." (Doc. # 3 at 90.) On January 20, 2017, Respondent's counsel provided Petitioners an undated note from Dr. J. Mark Barnett, M.D.:

> [Respondent] is a patient currently under my care for a diagnosis of metastatic Colorectal Cancer. He is currently receiving palliative chemotherapy following a very recent hospital inpatient stay because of his condition. Please take all of this into consideration as to the patients [sic] requested appearance.

(*Id.* at 92–94); *see* (Doc. # 31-7.)

2

On January 25, 2017, Petitioners initiated the litigation in this District, where Respondent then resided, by filing a Motion to Compel Compliance with Deposition Subpoena (the "Motion to Compel").  (Doc. # 1.)  Petitioners asserted that because the deadline for dispositive motions in their litigation in the Central District of California was January 27, 2017, they could "no longer wait for [Respondent's counsel] to provide either dates or alternatives to deposition."  (*Id.* at 5.)  Pursuant to Federal Rule of Civil Procedure 37(a)(1), Petitioners requested that this Court compel Respondent to attend a deposition on or before February 1, 2017.  (*Id.* at 8.)  Respondent responded to the Motion to Compel on February 15, 2017, citing Dr. Barnett's note as evidence that Respondent was unable "to plan when he [would be] physically and cognitively able" to be deposed.  (Doc. # 9 at 3.)  Magistrate Judge Mix scheduled a telephonic evidentiary hearing on the Motion to Compel for June 1, 2017.[1]  (Doc. # 15.)

On June 1, 2017, the day of the evidentiary hearing, the parties jointly moved the vacate the hearing because counsel had agreed "to produce [Respondent] for deposition" on June 28, 2017, in Denver, Colorado.  (Doc. # 16 at 2.)  Magistrate Judge Mix promptly vacated the scheduled hearing (Doc. # 18), denied the Motion to Compel as moot, and ordered Petitioners to file "on or before June 15, 2017, . . . either (1) a notice of dismissal of this litigation, or (2) a motion seeking expenses pursuant to Rule 37(d)(3)," (Doc. # 19).

---

[1] Magistrate Judge Mix also intended to hear argument on Petitioners' Motion to Transfer Subpoena-Related Motion (the Motion to Compel) to the Central District of California.  (Doc. # 15); *see* (Doc. # 13.)  She later denied the Motion to Transfer as moot in light of the parties' Joint Motion to Vacate the Evidentiary Hearing.  (Doc. # 19.)

Petitioners filed a first Motion for Attorneys' Fees and Costs on June 15, 2017. (Doc. # 20.) On January 17, 2018, Magistrate Judge Mix denied Petitioners' first motion without prejudice for failure to comply with the local rule requiring "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." (Doc. # 28); see D.C.COLO.LCivR 54.3.

Petitioners filed their second Motion for Attorneys' Fees and Costs on January 30, 2018 (Doc. # 29), which this Court referred to Magistrate Judge Mix (Doc. # 30). Respondent filed his Response on February 20, 2018 (Doc. # 31), and attached as exhibits two letters from his oncologist, Dr. Barnett (Doc. # 31-7, Doc. # 31-11.) The first letter was the one Respondent's counsel had previously shared with Petitioners; the second was dated July 17, 2017, from Dr. Barnett, Respondent's oncologist, to Plaintiff's counsel:

> [Respondent] have been on palliative chemotherapy since early January 2017 for recurrent disease. I had planned on giving him a break from treatment in late June, but unfortunately his repeat PET scan on 06/21/2017 revealed persistent disease. Thus, I recommended continuing him on therapy for at least another three months with repeat imaging at that time. [Respondent] does have side effects from chemotherapy including fatigue, bowel issues, and decreased appetite.

(Doc. # 31-11.) Petitioners replied on March 6, 2018. (Doc. # 32.) On August 8, 2018, Magistrate Judge Mix granted in part Petitioners' second Motion for Attorneys' Fees and Costs, awarding Petitioners $10,155.00 in attorneys' fees. (Doc. # 33.) Magistrate

4

Judge Mix concluded that an award of attorneys' fees was required by Rule 37(a)(5)(A) because none of the Rule's exceptions applied.[2] (*Id.* at 3–6.)

Respondent filed his Objection to the Magistrate Judge's award of attorneys' fees on August 22, 2018. (Doc. # 34.) As is detailed below, Respondent argues that Magistrate Judge Mix's Order is "clearly erroneous and contrary to law" to the extent that she concluded "that Respondent's inability to provide an exact date for his deposition was not substantially justified and that an award of fees was not unjust."[3] (*Id.* at 1–2.) Petitioners replied in support of Magistrate Judge Mix's Order on September 5, 2018. (Doc. # 36.)

## II. CONTROLLING LEGAL RULES

### A. STANDARD OF REVIEW

A United States magistrate judge has the authority to impose attorneys' fees as non-dispositive discovery sanctions under 28 U.S.C. § 636. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). When a magistrate judge issues an order on a non-dispositive pretrial matter such as this, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A district court reviews a magistrate judge's decision to award attorneys' fees as a discovery sanction under the

---

[2] Magistrate Judge Mix denied in part Petitioners' second Motion for Attorneys' Fees and Costs to the extent Petitioners requested $28,595.00 in attorneys' fees. (Doc. # 33 at 6–13); *see* (Doc. # 29 at 7.) She determined that Petitioners' requested hours were "unreasonably high" and reduced the hours "by roughly one-third." (Doc. # 33 at 12.) The amount of attorneys' fees Magistrate Judge Mix awarded is not at issue in Respondent's Objection. *See* (Doc. # 34.)
[3] On August 30, 2018, Respondent's counsel filed a Notice of Death of Respondent Fred Albracht with this Court. (Doc. # 35.) Respondent passed away on August 27, 2018. (*Id.*) His unfortunate death does not bear on this Court's review of the Magistrate Judge's Order.

clearly erroneous standard. *Estates of Ungar & Ungar ex rel. Strachman v. Palestinian Auth.*, 325 F. Supp. 2d 15, 25 (D.R.I. 2004) (citing *Thomas E. Hoar Inc. v. Sara Lee Corp.*, 900 F. Supp. 522, 525 (2d Cir. 1990); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997), *aff'd sub nom. Ungar v. Palestine Liberation Org.*, 402 F.3d 274 (1st Cir. 2005)); *see also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) ("We review for abuse of discretion the district court's decision to award Rule 37 attorney fees and the amount of the award"); 12 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 3069 (2d ed. 2018) ("many matters such as discovery . . . disputes might be better characterized as suitable for an abuse-of-discretion analysis" than for a contrary to law analysis[4]).

The clearly erroneous standard "requires that the reviewing court affirm [the factual findings] unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed,'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This "highly differential" standard "imposes a heavy burden on the objecting party and only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002). Stated in more "earthy terms," "'[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or

---

[4] The contrary to law standard concerns questions of law, and it permits plenary—also known as de novo—review of legal matters. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citing, *e.g.*, *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992)); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998). A reviewing court "owes no deference to the magistrate judge's legal conclusions and it may substitute its own judgment on questions of law." *Weekoty*, 30 F. Supp. 2d at 1344.

probably wrong; it must . . . strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)), *overruled on other grounds*, *Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2003), *rev'd on other grounds*, 544 U.S. 133 (2005).

**B.     RULE 37**

Federal Rule of Civil Procedure 37 is the means "by which the courts enforce compliance with the discovery scheme in the Rules. It affords a broad choice of remedies and penalties for failure to comply." *Robison v. Transamerica Inc. Co.*, 368 F.2d 37, 39 (10th Cir. 1966). It "contains two separate provisions that allow, and often require, the district court to award attorney fees for discovery misconduct." *Centennial Archaeology*, 688 F.3d at 678. Relevant here, where a party moves for an order compelling disclosure or discovery pursuant to Rule 37(a)(1), and the court grants such a motion or the disclosure or discovery is made after the party files its motion, Rule 37(a)(5) provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to **pay the movant's reasonable expenses incurred in making the motion, including attorney's fees**. **But the court must not order this payment if**:
>     (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>     (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>     (iii) other circumstances make an award of expenses unjust.

7

Fed. R. Civ. P. 37(a)(5)(A).  "The great operative principle of Rule 37(a)(5) is that the loser pays."  8B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2288 (3d ed. 2018).  The burden of persuasion is on the losing party to avoid the assessment of expenses and fees by showing that one of the Rule's three enumerated exceptions applies.  *Id.*; Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment.

### III.     ANALYSIS

On review of Petitioners' Motion for Attorneys' Fees and Costs (Doc. # 29), Magistrate Judge Mix concluded that none of three exceptions in Rule 37(a)(5)(A) applied and that the Rule required an award of attorneys' fees and costs to Petitioners. (Doc. # 33 at 4–6.)  Respondent objects to the Magistrate Judge's analysis of the second and third exceptions, *see* Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii), asserting that Magistrate Judge Mix's "finding that [his] inability to provide an exact date for his deposition was not substantially justified and that an award of fees was not unjust" as "clearly erroneous and contrary to law."  (Doc. # 34 at 1–2.)  The Court addresses each exception in turn.

### A.     EXCEPTION AT RULE 37(a)(5)(A)(ii)

The second exception of Rule 37(a)(5)(A) states that a court must not order an award of fees and costs if "the opposing party's nondisclosure, response, or objection was substantially justified."  Fed. R. Civ. P. 37(a)(5)(A)(ii).  "A party is 'substantially justified' in opposing discovery or disobeying an order 'if there is a 'genuine dispute,' or 'if reasonable people could differ as to the appropriateness of the contested action.'"

8

*Parsi v. Daioleslam*, 778 F.3d 116, 127 (D.D.C. 2015) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (in the context of Rule 37, "[s]ubstantially justified means that reasonable people could differ as to the appropriateness of the contested action"). This is an objective test that does not require bad faith. *Alvarez v. Wallace*, 107 F.R.D. 658, 661 (W.D. Tex. 1985).

In his Response to Petitioners' Motion for Fees and Costs, Respondent argued that he was "substantially justified in postponing his deposition due to the mandatory, intrusive, and debilitating treatment that [was] necessary in battling his cancer diagnosis." (Doc. # 31 at 6.) Respondent cited two cases in which "other courts have found that similar circumstances which precluded deposition subpoena compliance constituted 'substantial justification'": *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994), and *Alexander v. Archuleta County, Colorado*, No. 08-cv-00912-CMA-KLM, 2009 WL 1392072 (D. Colo. May 15, 2009). (Doc. # 31 at 6–7.)

The Magistrate Judge concluded that Respondent "failed to present sufficient evidence to prove that noncompliance was substantially justified." (Doc. # 33 at 5–6.) Magistrate Judge Mix explained that the facts in *Alexander* were distinguishable from the facts at hand, emphasizing that the notes from Respondent's oncologist had not indicated that Respondent lacked capacity to testify, (*id.*); the oncologist only indicated that Respondent suffered from side effects "including fatigue, bowel issues, and decreased appetite," *see* (Doc. # 31-11), and asked that Respondent's treatment be taken "into consideration as to [Respondent's] requested appearance," *see* (Doc. # 31-

9

7). Magistrate Judge Mix also distinguished Respondent from the deponent at issue in *S.E.C. v. American Pension Services, Inc.*, No. 2:14-cv-00309-RJS-DBP, 2014 WL 5513717, at *2 (D. Utah Oct. 31, 2014), wherein the court determined that the deponent's noncompliance with a deposition subpoena was substantially justified in part because the deponent's medical provider submitted a letter stating that the deponent was terminally ill with cancer and "unable to participate in any legal activities." (Doc. # 33 at 5) (quoting *Am. Pension Serv., Inc.*, 2014 WL 5513717 at *2).

Magistrate Judge Mix did not abuse her discretion in concluding that Respondent's noncompliance with Petitioners' subpoena for deposition was not substantially justified. In his Objection, Respondent reprises the same argument he made to the Magistrate Judge that courts "have found that cancer treatment or other similar circumstances of hardship precluding deposition subpoena compliance do constitute 'substantial justification'" and cites the same cases, *Hyde & Drath* and *Alexander*. (Doc. # 34 at 3–4.) The Court agrees with the Magistrate Judge that such case law is distinguishable from the case presently before it.[5] In both cases, as well as in *American Pension Services, Inc*, the deponents provided the court with evidence to substantiate their **inability** to comply with discovery rules. *See* (Doc. # 36 at 8 n.39.) Respondent's two notes from his oncologist, Dr. Barnett, did not state that Respondent was unable to be deposed. The notes merely stated his diagnosis and side effects

---

[5] *Alexander* is also distinguishable from Respondent's 'substantially justified' argument on the grounds that when that court considered the plaintiffs' untimely production of discovery in that case, it was analyzing only whether the imposition of Rule 37 sanctions would be unjust under the Rule's third exception; it had already decided that the second exception, for substantial justification, was not applicable. *Alexander*, 2009 WL 1392072 at *4.

which, the Court assumes, did not render him unable to answer questions. Respondent does not submit any addition evidence of his inability to be deposed in his Objection, despite having more than a year to compile such evidence since Petitioners filed their first motion for fees and costs. For these reasons, the Court concludes that Magistrate Judge Mix's determination that Respondent's noncompliance was not substantially justified under Rule 37(a)(5)(A)(ii) was not clearly erroneous.

**B.     EXCEPTION AT RULE 37(a)(5)(A)(iii)**

Pursuant to the third exception of Rule 37(a)(5)(A), a court may not order an award of fees and costs if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The Advisory Committee to the 1970 amendment of Rule 37 explained that this exception gives the court "necessary flexibility" as the court "retains the power to find" that specific circumstances make an award of expenses unjust—"as where the prevailing party also acted unjustifiably." Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment.

Respondent argued in his Response to Petitioners' request for attorneys' fees that an award of fees would be unjust because Petitioners had offensively and inaccurately described Respondent's and his counsel's conduct as "gamesmanship."[6] (Doc. # 31 at 7.) Respondent asserted that his counsel's actions "were a transparent effort to protect [him]" when he was "suffering from the on-going and unpredictable

---

[6] In their Motion for Fees and Costs, Petitioners "respectfully submit[ted] that the claimed fee award [was] reasonable in light of the Court's Order of June 1, 2018, the need to obtain [Respondent's] deposition, and Respondent's gamesmanship." (Doc. # 29 at 6.)

11

effects of his chemotherapy treatments" and that "[t]here was no gamesmanship."  (*Id.* at 7–8.)

The Magistrate Judge did not abuse her discretion in dismissing this argument because Respondent "provide[d] no legal authority" that the argument.  (Doc. # 33 at 5.)  Indeed, Respondent's Response was devoid of legal authority in support of his argument about the third exception.  *See generally* (Doc. # 31.)  Respondent does also does not cite any legal authority in his Objection; he just argues that the Magistrate Judge "ignored the whole of the 'circumstances' . . . that clearly make an award of fees unjust."  (Doc. # 34 at 6.)  Here, Respondent asserts—without support—that "any patient who is fighting for his or her life and being subjected to chemotherapy" experiences "extreme stress, daily feeling of sickness, and compromised physical and mental state."  (*Id.*)  Though the Court does not doubt—and indeed has sympathy for—the hardships endured by patients undergoing treatment for cancer, it has found no basis in the law for holding that cancer treatment alone shields an individual from a subpoena.  Respondent fails to carry his burden of persuasion to show that the exception of Rule 37(a)(5)(A)(iii) applies, and Magistrate Judge Mix's conclusion to that end was not clearly erroneous.

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS Magistrate Judge Mix's Order (Doc. # 33) and OVERRULES Respondent Fred Albracht's Objection (Doc. # 34).

DATED: November 20, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge